UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

CASE NO.:  2:23-cv-12803

THOMAS SCHWABEL,

               Plaintiff,

v.

M.J. FISHER INC. dba FISHER FUNERAL HOME & CREMATION SERVICES, INC.

               Defendant,

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff THOMAS SCHWABEL by and through his undersigned counsel, brings this Complaint against Defendant M.J. FISHER INC. dba FISHER FUNERAL HOME & CREMATION SERVICES, INC. for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff THOMAS SCHWABEL ("Schwabel") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106 and 1202, to copy and distribute Schwabel's original copyrighted Work of authorship and remove copyright management information from the Work.

2. Schwabel is a travel and landscape photographer based out of the Pacific Northwest. His focus is on landscape, nature, and travel photography, in particular capturing vulnerable or changing destinations and unique or fleeting natural phenomena. His work has been published on several book and magazine covers, as well as featured in retail products sold

worldwide. Clients and publication credits include the National Parks Conservation Association, AAA, Sierra Club, Portland Japanese Garden, Educa Borras, Quercus Editions, Moon Guides, and National Geographic. He is a Getty Images, SuperStock, and Tandem Stills + Motion contributor.

3. Defendant M.J. FISHER INC. dba FISHER FUNERAL HOME & CREMATION SERVICES, INC. ("FFHCS") is a funereal business that at all times relevant herein, owned and operated the internet website located at the URL www.fisherfuneralhome.net (the "Website").

4. Schwabel alleges that Defendant copied Schwabel's copyrighted Work from the internet in order to advertise, market and promote its business activities.

5. FFHCS committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of the FFHCS business.

**JURISDICTION AND VENUE**

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501, 1202.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

8. Defendant is subject to personal jurisdiction in Michigan.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, FFHCS engaged in infringement in this district, FFHCS resides in this district, and FFHCS is subject to personal jurisdiction in this district.

**DEFENDANT**

10. M.J. Fisher Inc. dba Fisher Funeral Home & Cremation Services, Inc. is a Michigan corporation with its principal place of business at 24501 Five Mile Road, Redford,

Michigan, 48239 and can be served by serving its Registered Agent, Michael Fischer at the same address.

**THE COPYRIGHTED WORK AT ISSUE**

11. In 2008, Schwabel created the photograph entitled "Japanese Garden," which is shown below and referred to herein as the "Work".



12. Schwabel registered the Work with the Register of Copyrights on December 02, 2011, and was assigned registration number VA-1-795-785. The Certificate of Registration is attached hereto as **Exhibit 1**.

13. Schwabel's Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets.

14. Schwabel's Work contains his watermark as seen in the lower right hand corner.

15. At all relevant times Schwabel was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY FFHCS

16. FFHCS has never been licensed to use the Work at issue in this action for any purpose.

17. On a date after the Work at issue in this action was created, but prior to the filing of this action, FFHCS copied the Work.

18. On or about January 28, 2022, Schwabel discovered the unauthorized use of his Work on the Website.

19. FFHCS copied Schwabel's copyrighted Work without Schwabel's permission.

20. After FFHCS copied the Work, it made further copies and distributed the Work on the internet to promote its business.

21. FFHCS copied and distributed Schwabel's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

22. Schwabel's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

23. FFHCS committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

24. Schwabel never gave Defendant permission or authority to copy, distribute or display the Work at issue in this case.

25. When FFHCS used the Work it cropped out Schwabel's watermark containing his name, his copyright notice, and the words "ALL RIGHTS RESERVED."

26. Schwabel notified FFHCS of the allegations set forth herein on December 12, 2022 and January 13, 2023.  To date, the parties have failed to resolve this matter and Schwabel's Work is still being used on FFHCS's website.

## COUNT I
## COPYRIGHT INFRINGEMENT

27. Schwabel incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Schwabel owns a valid copyright in the Work at issue in this case.

29. Schwabel registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30. FFHCS copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Schwabel's authorization in violation of 17 U.S.C. § 501.

31. FFHCS performed the acts alleged in the course and scope of its business activities.

32. Defendant's acts were willful.

33. Schwabel has been damaged.

34. The harm caused to Schwabel has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

35. Schwabel incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

36. The Work contained copyright management information (CMI) as defined by 17 U.S.C. § 1202 including the © symbol, the name of the plaintiff, the title and authorship information for the Works, and other identifying information for the work and plaintiff.

37. Defendant knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the works at issue in this action in violation of 17 U.S.C. § 1202(b).

38. Defendant committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of plaintiff's rights in the works at issue in this action protected under the Copyright Act.

39. Defendant caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of plaintiff's rights in the works at issue in this action protected under the Copyright Act.

40. Plaintiff has been damaged.

41. The harm caused to plaintiff has been irreparable.

WHEREFORE, the Plaintiff THOMAS SCHWABEL prays for judgment against the Defendant M.J. FISHER INC. dba FISHER FUNERAL HOME & CREMATION SERVICES, INC. that:

    a. FFHCS and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1202;

    b. FFHCS be required to pay Schwabel his actual damages and Defendant's profits attributable to the infringement, or, at Schwabel's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

    c. Schwabel be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

      d.      Schwabel be awarded pre- and post-judgment interest; and

      e.      Schwabel be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Schwabel hereby demands a trial by jury of all issues so triable.

DATED: November 3, 2023              Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Joel.rothman@sriplaw.com

SRIPLAW, P.A.
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Thomas Schwabel*